WAITMAN HOPKINS, defendant below, appellant, v. WIL-
LIAM W. SIMPSON, plaintiff below, respondent.

After executions have been levied on the goods of a tenant on the demised
premises, the landlord cannot distrain on a portion of them and sell
them and put the proceeds of such sale in his pocket on a claim of a
balance of rent due him for the preceding year, and then claim an en-
tire year's rent out of the proceeds of the sale of the residue of the
goods afterward under the executions of the judgment creditor, for the
current year.

On appeal from a justice of the peace and case stated.
Thomas Wallace had recovered on the 21st of March 1851
two judgments, one for $54.30, and the other for $70.95, be-
fore the justice of the peace against Artimus Smith, who
then was, and had been the preceding year, a tenant on
land rented of Beniah Tharp, and on the same day execu-
tions were issued thereon to William W. Simpson, the
respondent, a constable of the county, returnable Sep. 19,
1851, who levied them on the personal property of Smith,
the tenant, on the demised premises, and advertized them
for sale on the 15th of September 1851, and duly notified
Tharp as landlord, of the sale so advertized.    After-
ward Tharp by Waitman Hopkins, the appellant, as his
bailiff, and also a constable of the county, distrained the
same goods which had been levied on by Simpson under
the executions, for a balance of the rent due him for the
preceding year of 1850, and in arrear, and on the 13th of
Sep. 1851, Hopkins sold a part of the goods under the dis-
tress for the sum of $50.82, which he paid to Tharp as
landlord.  Pursuant to his advertizement and notice, Simp-
son afterward sold the residue of the goods of Smith in-
cluded in his levy (among which was the corn crop of that
year) and which Hopkins had not sold; and at said sale,
Tharp as landlord claimed $75, as his rent for that year
(1851) then accruing, but not yet due, which was paid to
him as landlord out of the proceeds of said sale, the bal-
ance of the said proceeds not being sufficient to satisfy the

said executions in Simpson's hands by more than $50.82. Simpson who made the levy under the executions, instituted suit against Hopkins who sold under the distress and recovered judgment against him for the sum of $51. the amount of the proceeds of sale which Hopkins had received and paid over to Tharp with interest. It was agreed by counsel that if the court should be of opinion that Tharp was entitled to the said sum of $50.82, judgment should be entered in the appeal for the appellant for costs, but if otherwise, judgment to be entered therein for the respondent for $51, with interest from the rendition of the judgment below and costs.

*Smithers,* for the respondent, Cited *Rev. Code* 426, *sec.* 41, 429, *sec.* 60, 61. *Biddle v. Biddle,* 3 *Harr.* 539. *Lambson v. Matthews,* 5 *Harr.* 28. *Stephenson v. Newcomb,* 5 *Harr.* 150.

*Layton,* for the appellant, Cited *Com. on Land. & Ten.* 6 *Law Libr.* 387, 391. *Smith Land. & Ten.* 147. *Ross v. Jacobs,* 2 *Harr.* 445.

*By the Court.* The only question of law presented in this case is whether under the provisions of our Revised Statutes, a landlord, after the goods of his tenant on the demised premises have been seized thereon and sold under execution process, can claim more than one year's rent out of the proceeds of sale? The sixty and sixty-first sections of the one hundred and twentieth chapter of the revised statutes in regard to landlords and tenants, provide that if goods and chattels of a tenant being on premises held by him by demise under a rent of money, be seized by virtue of any process of execution, attachment, or sequestration, the said goods and chattels shall be liable for one year's rent of said premises, in arrear, or growing due, at the time of said seizure, in preference to such process; accordingly the landlord shall be paid such rent (not exceeding one year's rent) out of the proceeds of the sale of such goods and chattels, before any thing shall be applicable to

such process.   If the landlord before the seizure of the goods and chattels of his tenant by virtue of such process as aforesaid, have distrained such goods and chattels for rent in arrear, such distress, or the levying of the rent in arrear under it, shall not preclude him from the preference given by the foregoing provision.   *Rev. Code* 429.   Such is the plain and express language used in the statute on the subject, and they limit and restrict in explicit terms, the landlord's preference for his rent, to one year's rent only, and which year's rent may be either then due and in arrear, or it may be growing due and for the current year, and the preceding provisions of the statute contained in the thirty-ninth, fortieth and forty-first sections of the same chapter, *Rev. Code* 426, but served to make it clearer, and more certain that such is the meaning and intention of the act; for within this limit and for this purpose only, they show that the landlord is amply and abundantly provided with all the means and remedies necessary to secure and preserve this preference, as against any and all execution creditors of his tenant in any event whatsoever.   But he cannot after his tenant's goods have been seized in execution, distrain a portion of those goods and sell them and put the proceeds of the sale of such portion of them in his pocket, and then claim an entire year's rent out of the proceeds of the sale of the residue of them afterward under the execution.   In this case the executions were levied upon the goods in question before any distraint was made upon them, or any portion of them, at the suit of Tharp, the landlord, but had he distrained upon the goods of the tenant before the issuing of the executions, he might have secured the rent in arrear for the preceding year of 1850, without losing his preference for the year's rent for the succeeding year of 1851.   He had not done that, however, and judgment must be entered for the respondent for $51, with interest from March 21, 1851.